In re Evelyn MADISON, Debtor.

Evelyn MADISON, Plaintiff,

v.

The UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT: Samuel R. Pierce, Jr., Secretary of the United States Department of Housing & Urban Development; Joseph Mallon, Chief Loan Management Branch, Philadelphia Area Office, United States Department of Housing and Urban Development; New York Guardian Mortgage Corporation, a New York Corporation; and James J. O'Connell, Trustee, Defendants.

Bankruptcy No. 83–01573G.
Adv. No. 83–1524G.

United States Bankruptcy Court,
E.D. Pennsylvania.

Sept. 17, 1984.

Michael Donahue, Delaware County Legal Assistance Ass'n., Chester, Pa., for debtor/plaintiff, Evelyn Madison.

Virginia R. Powel, Asst. U.S. Atty., Philadelphia, Pa., for defendant, U.S. Dept. of Housing and Urban Development.

James J. O'Connell, Philadelphia, Pa., defendant/Trustee under Chapter 13.

Samuel M. Brodsky, Philadelphia, Pa., Trustee under Chapter 7.

## OPINION

EMIL F. GOLDHABER, Chief Judge:

The issue at bench is whether an agency action denying a debtor's mortgage assignment application withstands judicial review. The question is presented on the cross-motions of the debtor and the agency for summary judgment under Fed.R.Civ.P. 56 which is incorporated in this proceeding through Bankruptcy Rule 7056. For the reasons stated herein, we conclude that the agency determination was appropriate and will, therefore, grant the agency's motion and deny the debtor's motion.

The facts of the case are as follows: In 1981, Evelyn Madison ("the debtor") purchased a home with a loan secured by a mortgage from the New York Guardian Mortgage Corporation ("the mortgagee") which was insured by the United States Department of Housing and Urban Development ("HUD"). The debtor defaulted on the mortgage in 1982, and was notified that the mortgagee intended to foreclose. The debtor applied for an assignment of the mortgage to HUD under a program which provides for the acquisition of mortgages to avoid foreclosure. HUD made a final determination not to accept the assignment on the grounds that the debtor did not meet the program's eligibility requirements. In April of 1983, the debtor filed a petition for adjustment of her debts under chapter 13 of the Bankruptcy Code ("the Code"), which was later converted to a chapter 7 proceeding. The mortgagee filed a proof of claim based on its mortgage. The debtor commenced the instant action against HUD and the mortgagee, seeking judicial review of the agency decision and declaratory and injunctive relief. The debtor subsequently filed a motion for summary judgment, pursuant to Fed.R.Civ.P. 56, and, at the evidentiary hearing, HUD cross-moved for summary judgment.

We have determined that these matters constitute core proceedings which are subject to this court's jurisdiction pursuant to 28 U.S.C. § 157.

HUD asserts that we may not exercise jurisdiction over this proceeding because the debtor seeks relief which would constitute a violation of a federal regulation. Section 203.650 of the Code of Federal Regulations states that a mortgage is not capable of assignment where the mortgagee is prevented by law from initiating foreclosure of the mortgage. 24 C.F.R. § 203.650 (1983). HUD contends that, since the mortgagee cannot foreclose on the mortgage as a result of the automatic stay, the assignment is legally precluded. This line of reasoning overlooks the fact that this proceeding is one of judicial review of a determination that took place four months before the commencement of the case when an assignment was possible. We, therefore, conclude that we may entertain the suit.

Section 702 of Title 5 provides that a person who is adversely affected by an agency action is entitled to judicial review thereof. 5 U.S.C. § 702. In the absence of a special statutory review proceeding, any applicable form of legal action, including

actions for declaratory judgment or injunction, is appropriate. 5 U.S.C. § 703. In the case at bench, the debtor requests that this court define her legal rights under § 1715u of the National Housing Act, 12 U.S.C. § 1715u, enjoin foreclosure action by the mortgagee, and compel HUD to accept assignment of the mortgage.

The Supreme Court delineated the inquiry governing review of an informal agency action, pursuant to 5 U.S.C. § 706,[1] in *Citizens to Preserve Overton Park, Inc. v. Volpe,* 401 U.S. 402, 91 S.Ct. 814, 28 L.Ed.2d 136 (1971): whether the Secretary of HUD acted within the scope of his authority; whether the choice made was arbitrary, capricious or an abuse of discretion; and whether the Secretary followed the required procedures. Since the debtor does not charge that the Secretary acted beyond the scope of his authority, or that there was a procedural violation, we are limited, on review of the proceeding, to the question of whether the decision was arbitrary, capricious or an abuse of discretion.

■ As we stated above, following default, the debtor applied for an assignment of her mortgage to HUD under a program which provides for the acquisition of mortgages to avoid foreclosure pursuant to 12 U.S.C. § 1715u. The reason that the debtor gave for the default was that she had paid her son's college tuition, as well as payments to several creditors. The debtor contended that she had expected to be reimbursed for the tuition expense through government grants and that, when the grants did not materialize, she was unable to accumulate the amount necessary to make her mortgage payments.

HUD rejected the application on the grounds that the default was not caused by circumstances beyond the debtor's control.[2] We disagree with the debtor's contention.

To the contrary, the HUD Handbook for the mortgage assignment program gives illustrations of qualifying circumstances for default:

Curtailment of family income, such as unemployment or underemployment; loss, reduction or delay in receipt of federal, State, municipal benefits, (e.g., Social Security, Supplemental Security Income, Public Assistance, government pensions) or of private benefit payments (e.g., pensions, annuities, retirement plans); loss of support payments; or other loss of income due to divorce, illness or death.... Expenses related to death or illness in the mortgagor's household or of family members living outside the household which have significantly reduced the amount of income available to meet the mortgage payment.

Administration of the Home Mortgage Assignment Programs, 4191.2 HUD Hand-

1. § 706 details the scope of review to be afforded an agency action:

To the extent necessary to decision and when presented, the reviewing court shall decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of an agency action. The reviewing court shall—

(1) compel agency action unlawfully withheld or unreasonably delayed; and

(2) hold unlawful and set aside agency action, findings, and conclusions found to be—

(A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;

(B) contrary to constitutional right, power, privilege or immunity;

(C) in excess of statutory jurisdiction, authority, or limitations, or short of statutory right;

(D) without observance of procedure required by law;

(E) unsupported by substantial evidence in a case subject to sections 556 and 557 of this title or otherwise reviewed on the record of an agency hearing provided by statute; or

(F) unwarranted by the facts to the extent that the facts are subject to trial de novo by the reviewing court.

In making the foregoing determination, the court shall review the whole record or those parts of it cited by a party, and due account shall be taken of the rule of prejudicial error.

2. The relevant criterion which is found in § 203.640 of the Code of Federal Regulations states that the mortgagor's default must be "caused by circumstances beyond the mortgagor's control which rendered the mortgagor temporarily unable to correct the delinquency within a reasonable time and to make full mortgage payments...." 24 C.F.R. § 203.640.

book § 2.1.(d). In noting that these examples are not exclusive, we hasten to add that they provide a sense of the kind of exigency which triggers § 1715u relief. We find that the circumstances leading up to the debtor's default do not fall within the same category, and conclude that the agency determination was not "arbitrary, capricious or an abuse of discretion."

■ The granting of a motion for summary judgment is appropriate only where there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. Fed.R.Civ.P. 56. The fact that cross-motions for summary judgment are presented does not change the standard and does not warrant the granting of summary judgment unless one of the moving parties is entitled to judgment as a matter of law on facts that are not generally disputed. *Manetas v. International Petroleum Carriers, Inc.,* 541 F.2d 408 (3d Cir.1976), *citing Rains v. Cascade Industries, Inc.,* 402 F.2d 241 (3d Cir.1968) *F.A.R. Liquidating Corp. v. Brownell,* 209 F.2d 375 (3d Cir.1954). Because we conclude that HUD is entitled to judgment as a matter of law on the undisputed facts of the instant case, we will grant its motion for summary judgment and deny the debtor's motion.